In the Matter of MICHAEL B. ATKINS et al., Petitioners, against HERMAN T. STICHMAN, as Commissioner of Housing of the State of New York, et al., Respondents.

Supreme Court, Special Term, New York County, May 3, 1948.

*Barney Rosenstein* for petitioners.

*Harry Loeb Mostow* for Knickerbocker Village, Inc., respondent.

KOCH, J. This is an application under article 78 of the Civil Practice Act seeking a review of an order of the State Housing Commissioner granting a rent increase to the corporate respondent. It does not appear from either the order to show cause or from the prayer for relief at the foot of the petition that any review is sought of the determination made by the Office of Housing Expediter, Office of Rent Control. It does appear, however, that the order of the State commissioner was or may have been wholly or partially based upon a ruling of the Office of Housing Expediter, which order is stated to be invalid. The briefs argue the question of the power of this court to review the determination of the Federal board in support of the cross motion to strike from the petition those allegations referring to the proceedings before the Office of Housing Expediter. The cross motion is denied. In so doing this court does not, however, hold that there may be any review of the action of the Office of Housing Expediter. Such power

does not exist where the Federal agency is exercising its functions in a sphere where, such as here, there is exclusive Federal jurisdiction (*Schmoll, Inc.,* v. *Federal Reserve Bank of N. Y.,* 286 N. Y. 503). Where, however, a local State agency exercises or may have exercised its authority on the basis or partly on the basis of a ruling of a Federal agency, the record on a review of the action of the State agency necessarily includes the ruling of the Federal agency. This follows because while this court may not review the Federal agency's action, it may review the action of the State agency if based thereon. The determination of the main motion is held in abeyance pending the filing of the answers of the respondent to the petition, the service of which is directed within ten days of service of a copy of this order with notice of entry. Ten days after service of said answers, briefs are to be exchanged and these, with any replies thereto, shall be filed two days thereafter. The stay contained in the order to show cause is vacated. The additional rent shall, however, be maintained intact in a separate account pending the determination of the main motion, and any sale of the property shall be subject to this provision.